<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JAIME O. ROMERO, | : | **Civil Action No. 18-16806 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |
| | : | |
| | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Jaime O. Romero ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning May 1, 2012. A hearing was held before ALJ Kenneth Ayers (the "ALJ") on July 20, 2017, and the ALJ issued an unfavorable decision on August 25, 2017. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of August 25, 2017, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings.   At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations.   At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of his past relevant work.   At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.   The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the ALJ's determination at step three is contradicted by the ALJ's own statements about the evidence; 2) the ALJ failed to consider Plaintiff's obesity; and 3) the residual functional capacity determination is not supported by substantial evidence.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine.   As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.   Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.   The Court stated: "the burden of showing that an error is

harmful normally falls upon the party attacking the agency's determination."   Id.   In such a case, "the claimant has the 'burden' of showing that an error was harmful."   Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.   At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability.   In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

At step three, Plaintiff argues that the ALJ's determination that Plaintiff does not meet the criteria of Listing 1.04A is in manifest contradiction to the evidence cited in the decision. Listing 1.04A states:

> **1.04 *Disorders of the spine*** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A.      Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); . . .

Plaintiff points to the ALJ's conclusion as to Listing 1.04A:

> The severity of the claimant's impairments does not meet the requirements of Listing 1.04 Disorders of the Spine because the claimant's impairments do not result in a compromise of a nerve root (including the cauda equina) or the spinal cord, with additional conditions. Specifically, the record does not contain evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

(Tr. 20.)   Plaintiff argues that the ALJ's statement about the evidence that "the record does not

contain" is false in large part, and that the decision itself cites evidence that contradicts many of the elements of the statement.   This appears to be correct.   As the Commissioner points out, however, there is at least one element of the ALJ's assertion that is not contradicted by the evidence: the ALJ's statement that the record does not contain evidence of "motor loss (atrophy with associated muscle weakness or muscle weakness)."   Plaintiff's brief does not contend otherwise.   Plaintiff points to the evidence cited by the ALJ which could support many of the other listed elements, but Plaintiff points to no evidence of motor loss with muscle weakness. Because of this, this can be no more than harmless error.   Even if Plaintiff is correct that the ALJ's statement about the absence of evidence is contradicted on many points by the ALJ's other statements about the medical evidence, Plaintiff has not demonstrated that, but for such errors, Plaintiff would have met the requirements of Listing 1.04A.   Not does Plaintiff argue that the ALJ's statement about the absence of evidence of motor loss with muscle weakness is contradicted by the record.   Pursuant to Shinseki, Plaintiff bears the burden of showing that any errors were harmful, and Plaintiff here has not met that burden.

Next, Plaintiff contends that he is obese, and that the ALJ erred by not considering his obesity at any point in the decision.   Plaintiff contends that this is error under the Third Circuit's decision in Diaz, in which it held: "an ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step."   Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009).   Plaintiff here presents the cornerstone of an argument without ever building the argument.   This Court acknowledges that Diaz is controlling authority and that the ALJ did not mention Plaintiff's obesity in the decision, but, without any development of this embryonic

argument, Plaintiff has not met the requirements of Shinseki.   Furthermore, as the Commissioner contends, the Diaz decision did not overturn Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005), in which the absence of discussion of a claimant's obesity in the ALJ's decision was found to *not* constitute reversible error.   Rather, the Diaz Court acknowledged the continuing vitality of Rutherford.   577 F.3d at 504.   Plaintiff has not persuaded this Court that the ALJ erred on this issue, or that the error was harmful.

Last, Plaintiff contends that the ALJ's residual functional capacity determination at step four is not supported by substantial evidence.   At step four, the ALJ's decision offers eight pages of detailed discussion and analysis of the medical evidence, and the ALJ concluded that Plaintiff retains the residual functional capacity to perform light work, with certain limitations. (Tr. 23-30.)   The Court need not examine every point in the ALJ's discussion, but finds that the ALJ's determination is supported by the opinions of three medical experts.   The ALJ cited the opinions of state agency medical consultants Drs. Kahanowicz and Bustos, both of whom opined that Plaintiff retained the capacity to perform light work.   (Tr. 29-30.)   These opinions constitute substantial evidence.   Furthermore, the ALJ cited the opinion of Dr. Merlin, who stated that Plaintiff was able to sit, stand, and walk.   (Tr. 27, 477.)   While the ALJ noted that Dr. Merlin's assessment was not very detailed, it is substantial evidence that Plaintiff retains the ability to perform light work.   This Court finds that the residual functional capacity determination is supported by substantial evidence.

As to step five, where the Commissioner bears the burden of proof, Plaintiff argues that Plaintiff has limitations that were not included in the hypothetical.   Plaintiff does not contend that the hypothetical was inconsistent with the step four residual functional capacity

determination but, rather, that the hypothetical, like the residual functional capacity

determination, is wrong.   As already discussed, Plaintiff has failed to prove that the ALJ erred in

the residual functional capacity determination.   The use of a hypothetical at step five that is

consistent with the residual functional capacity determination at step four is not error.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that he

was harmed by any errors.   This Court finds that the Commissioner's decision is supported by

substantial evidence and is affirmed.

     s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: May 8, 2020

6